# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SARA K. DOBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| TOM VILSACK, SECRETARY | ) |
| U.S. DEPARTMENT OF AGRICULTURE, | ) |
| | ) |
| Defendant | ) |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, Sara Dobbins, by and through her undersigned counsel, and files this Complaint for damages for her causes of action against Defendants the United States Department of Agriculture (hereafter "USDA"). Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff has exhausted all administrative remedies.

2. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1331 because Plaintiff asserts federal causes of action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq. and the Rehabilitation Act of 1973 as well as the Family and Marital Leave Act (FMLA).

3. Plaintiff was employed with the Defendant in Kansas City, Missouri. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Missouri, specifically in Kansas City, Missouri.

## PARTIES

4. Plaintiff is a female with a disability who has participated in prior protected activity. She resides in Missouri.

5. Defendant Vilsack, in his capacity as Secretary of the Department of Agriculture, RMA located at the Department of Veterans' Affairs in Washington, D.C.

6. The United States of America and its Agency, The United States Department of Agriculture [hereafter USDA] is located at 6501 Beacon Drive, Kansas City, Missouri.

## ADMINISTRATIVE PROCEDURES

7. Plaintiff has tread a tortuous administrative path on her way to the courthouse. Plaintiff filed her informal complaint of discrimination on or about August 8, 2022. She was given a Right to File Formal Complaint on or about September 21, 2022. She timely filed her formal complaint on or about October 4, 2022.

8. Following the investigation, the Agency alleges it notified Plaintiff of the right to have an EEOC hearing regarding the allegations in her complaint.

9. An administrative law judge was assigned to her matter who, on June 12th, 2023, issued an order for a Discovery Conference and Scheduling Order.

10. On June 7, 2023, the Agency emailed to Plaintiff a Final Agency Decision and Notice of Rights. The Final Agency Decision is dated June 6, 2023 but it was not emailed until June 7th, 2023. *See Exhibit A, Email to Plaintiff attaching FAD.*

11. An initial conference was held by Judge Niehoff on or about July 24, 2023. At that time, the issue of jurisdiction was raised as Plaintiff had not requested an Administrative Hearing.

12. The matter was dismissed on August 18, 2023 and a Final Order attaching with it a Notice of Rights granting 90 days to file a Federal Action was attached thereto. A copy of the Final Order and Notice of Rights is attached hereto as Exhibit B. *See Exhibit B. Final Order and Notice of Rights.*

13. Plaintiff's counsel, known to defendants at the time of the issuance of the FAD, was not served with the Final Agency Decision.

14. Pursuant to 29 C.F.R. §1614.106(b), time frames for receipt of materials are to be computed from the time of receipt by the attorney.

15. In the alternative, Plaintiff is deemed to have received the notice of rights within 5 days of the date on the FAD. Since the 90th day fell on a Sunday, filing on Monday, September 11 makes her filing timely under the most conservative construction of the regulations regarding timeliness.

16. Plaintiff's administrative Complaints of Discrimination alleged that she was discriminated against on the basis of her sex, disability, and reprisal / retaliation because of prior protected activity.

17. In the Investigation, the Agency also investigated Plaintiff's complaints regarding Failure to Accommodate her Disability and interference / retaliation for use of FMLA. The Report of Investigation contains that information. *See Investigator's Report,* attached hereto as Exhibit 3.

18. Plaintiff timely filed this lawsuit within 90 days of the receipt of the Final Agency Decision, Final Order as set forth above.

19. All of Plaintiff's claims alleged in this Complaint were considered during the administrative investigation of her administrative Complaints of Discrimination and they reasonably followed from the allegations contained in the administrative complaints of discrimination, reprisal, and retaliation.

20. Pursuant to 42 U.S.C. § 2000e-16(c), Plaintiff therefore invokes her right to bring this civil action in that she has satisfied all administrative and judicial prerequisites to the institution of this action.

**ALLEGATIONS COMMON TO ALL COUNTS**

21. Plaintiff was a longtime civil servant, having been employed with the USDA from 2006 until her termination in 2022 - 17 years.

22. From 2015 until her termination, Plaintiff served as a Program Assistant GS-0303-7, Agricultural Marketing Service (AMS), Food Grain Inspection Services (FGIS), Technology and Science Division (TSD).

23. Plaintiff's job performance was always at the Fully Successful or above level of expectation in her position until she was being set up for termination in 2022.

24. Between September 1, 2021 and July 21, 2022, Plaintiff was subjected to continuous and ongoing harassment on the basis of her disability, sex and marital / parental status and use of FMLA.

25. In September, 2021, Plaintiff experienced a change in supervisor. Charles Parr became Plaintiff's first line supervisor and Edward Jhee became her second line supervisor.

26. Plaintiff was in a long term marriage.

27. Before Parr became her supervisor, her husband began acting erratically and she and her children became victims of ongoing and repeated domestic violence.

28. As a result of the domestic violence and fear for the safety of herself and her children, Plaintiff began suffering Complex Post Traumatic Stress Disorder (PTSD), Generalized Anxiety Disorder and other related conditions for which she had and provided medical documentation.

29. Plaintiff has been on treatment and medication.

30. The complex PTSD affects activities of her daily life including thinking, working and concentrating.

4

31. When plaintiff is in treatment and on medication, she can perform the duties of her position with some accommodation.

32. Plaintiff requested FMLA as a result of her medical condition and that of her children. Defendant denied her requests for leave although she had been approved through HR for intermittent FMLA as her condition and circumstances required.

33. Plaintiff sought a reasonable accommodation through the Agency and provided them with the medical documentation and materials required.

34. Defendant Parr, her supervisor, and the Agency never engaged in he interactive process as required although he was contacted by the Reasonable Accommodation office on September 7, 2021. No reasonable accommodation was ever put into place and no interactive process occurred.

35. On or about September 2021, Plaintiff approached Mr. Parr, who was new to the supervisory position.

36. Plaintiff discussed with him her domestic violence situation and the impact it had on her and her family.

37. Immediately, Parr placed Plaintiff on a leave restriction. He told plaintiff that he did not believe the symptoms she described were real.

38. She told Parr that the symptoms were in fact real, what she was going through was real and she was doing the best she could.

39. Parr's response was she did not know what she had coming for you. When she requested an explanation of that comment, he turned and stalked to his office.

40. After being made aware of an order of protection that was in place and her unsafe and unpredictable situation, Mr. Parr placed Plaintiff and her two children in a more dangerous

5

situation. He required her to choose between her work and caring for her health and that of her children.

41. When Parr placed plaintiff on permanent leave restriction, any leave she took that was unscheduled – such as if an emergency occurred as a result of the health and safety issues of herself and her children – he would charge her with AWOL.

42. Even in situations in which she had documentation from a health care provider or other professional, he would deny her leave and charge her with AWOL.

43. Plaintiff contacted the Employee Assistance Program (EAP) who set her up with a psychiatrist that she saw every two weeks.

44. In December 2021, Plaintiff tried to use her FMLA status on two occasions and provided medical documentation from her EAP psychiatrist and primary care physician to take time off. Parr denied her request on each.

45. Following the December 2021 FMLA attempts, Plaintiff was placed on AWOL and given a seven day suspension without pay in January 2022.

46. Plaintiff requested forms from the EEO office to file a complaint of discrimination against Parr and the Agency and reached out to the EEO office informally.

47. Shortly thereafter, Parr stated in an all staff meeting "If anyone wants to file an EEO complaint, try me. It won't be the first and it won't be the last. I know the policies and procedures, rules and regulations because it's my job. So go ahead and try."

48. Because of that intimidation, Plaintiff decided against completing the EEO process at that time.

49. From the time that Plaintiff took Parr into her confidence regarding the issues she and her family were having, Parr showed extreme hostility toward her. He would regularly slam

6

his door, yelled at her, threatened her on multiple occasions to prevent her from filing an EEO complaint.

50. Parr did not treat the other employees he supervised in this degrading, demeaning and humiliating manner.

51. On one occasion, Plaintiff was hospitalized and the hospital emailed and faxed her medical documentation to Parr and the Agency.

52. Despite that, Parr did not allow her leave.

53. Plaintiff went for nearly three months without pay.

54. Parr repeatedly denied, denigrated and minimized the PTSD and anxiety she was suffering. He repeated that he did not believe her.

55. Parr tacitly and explicitly supported her former husband who was violent with her and the children.

56. Plaintiff was taken off work by her physician. She was given a note that she could return to work on September 1, 2022.

57. She told her supervisor that she intended to return to work at 7:30 a.m. on September 1, 2022 unless she was told otherwise. That morning, she was met at the east door of the Beacon Building and two FPS officers and marched past many employees in an embarrassing and humiliating display.

58. She was told in front of other employees that she was being placed on paid investigative leave until further notice.

59. She had her Linc Pass publicly confiscated instead of quietly deactivated.

60. The entire event was acted out in such a manner as to draw as much attention as possible to the situation and thereby diminish her credibility and harm her reputation in the workplace.

61. Thereafter, Plaintiff was placed on administrative leave and on July 21, 2022 she was issued a Notice of Removal. Thereafter, that notice of removal was rescinded and on August 19, 2022, Plaintiff was issued a second notice of removal under which she was removed from her position.

62. Similarly situated male employees who did not suffer the same disability as Plaintiff were treated more favorably than she.

63. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, acting within the course and scope of their employment, plaintiff suffered grievous injury and damage including, but not limited to past, present and future medical and psychiatric expense, lost wages, lost benefits, lost earning capacity, mental anguish and pain including humiliation, embarrassment, depression, anxiety and lost enjoyment of live.

64. The EEO accepted two issues for investigation. As a result of that acceptance, all of the above facts were investigated and are found in the Investigator's Report of Investigation.

65. The two issues accepted by the EEO include the following: Whether the Complainant was subjected to discrimination and harassment (nonsexual) based on mental disability (unspecified), sex (female), reprisal (current EEO activity) and marital status (single) when:

    a. On September 1, 2022, management issued her a Notice of Paid Administrative Investigative Leave; and

    b. On July 21, 2022, management issued her a Notice of Proposed Removal.

## COUNT 1: DISCRIMINATION─DISPARATE TREATMENT

### All Defendants

66. Plaintiff hereby incorporates by this reference each and every allegation found in the above paragraphs.

67. Plaintiff, a female with a disability who engaged in prior protected activity, is a member of a protected class.

68. She was qualified for the position she held at the VA and met her employer's legitimate performance expectations.

69. Plaintiff suffered adverse job actions when management:

    a. Plaintiff was issued a Seven Day suspension without pay;

    b. Placed plaintiff on paid administrative leave;

    c. Issued plaintiff unjustified and discriminatory AWOL;

    d. Required Plaintiff to work outside of her Doctor's restrictions;

    e. Issued Plaintiff a Notice of Removal;

    f. Removed Plaintiff from her position at the USDA / FSA;

    g. Other events as set forth in the Statement of Facts.

70. The Agency and Management Officials treated similarly situated non-disabled employees more favorably than Plaintiff.

71. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present ,and future lost wages, benefits, earnings and earning capacity, mental

anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

## COUNT 2: HOSTILE ENVIRONMENT

### All Defendants

72. Plaintiff hereby incorporates by this reference each and every allegation found in the above paragraphs.

73. During the course of Plaintiff's employment with the defendant, Plaintiff experienced a hostile environment in that:

    a. Plaintiff was subjected to harassment;

    b. The harassment was unwelcome;

    c. The harassment was based upon Plaintiff's sex, disability and prior protected activity;

    d. The harassment was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive;

    e. At the time the harassment occurred and as a result of it, Plaintiff believed the work environment to be hostile or abusive.

    f. Defendants knew or should have known of the harassment; and

    g. Defendants failed to take prompt, appropriate corrective action to end the harassment.

74. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present, and future lost wages, benefits, earnings and earning capacity, mental

10

Case 4:23-cv-00632-LMC   Document 1   Filed 09/11/23   Page 10 of 16

anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

## COUNT 3: RETALIATION

### All Defendants

75. Plaintiff hereby incorporates by this reference each and every allegation found in the above paragraphs.

76. Plaintiff complained to Defendants that she was being harassed and discriminated against based on her sex, disability and marital status (a status protected by the USDA internal procedures);

77. Plaintiff reasonably believed that she was being harassed and/or discriminated against on the basis of her sex, disability and marital status; and

78. Defendants engaged in adverse actions against the Plaintiff including that they:

    a. Suspending Plaintiff for seven days;

    b. Placed plaintiff on paid administrative leave;

    c. Issued plaintiff unjustified and discriminatory AWOLs that violated the Agency's rules and procedures;

    d. Required Plaintiff to work outside of her Doctor's restrictions;

    e. Issued Plaintiff a Notice of Removal;

    f. Removed Plaintiff from her position at the USDA / FSA;

    g. Other events as set forth in the Statement of Facts and Report of Investigation in this matter.

79. Plaintiff's complaints of racial harassment and/or race discrimination were contributing and/or motivating factors in the adverse actions taken against Plaintiff.

80. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present, and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

## COUNT 4: WRONGFUL DISCHARGE

### All Defendants

81. Plaintiff hereby incorporates by this reference each and every allegation found in the above paragraphs.

82. Plaintiff was discharged from her employment with the USDA /FSA on or about 2020 because of her race and retaliation.

83. As set forth in the Allegations Common to All Counts, the ongoing harassment and retaliation, coupled with the monitoring of other black employees and the accelerated disciplinary process to which Plaintiff was subjected, Plaintiff quit her position.

84. A reasonable employee in Plaintiff's position would have felt compelled to resign.

85. Defendant Agency intended to force Plaintiff to resign and created intolerable working conditions that caused it to happen.

86. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present, and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

## COUNT 5: FAILURE TO ACCOMMODATE DISABILITYB

87. Plaintiff hereby incorporates by this reference each and every allegation found in Plaintiff's Background Facts Applicable to All Counts.

88. Plaintiff has a disability within the meaning of the ADA.

89. Plaintiff was qualified to perform the essential functions of the position she held.

90. Defendant knew of Plaintiff's disability and failed to accommodate it;

91. Plaintiff was otherwise qualified for her position.

92. Defendant took adverse job actions against plaintiff because of her disability, including:

    a. Suspending Plaintiff for seven days;

    b. Placed plaintiff on paid administrative leave;

    c. Issued plaintiff unjustified and discriminatory AWOLs that violated the Agency's rules and procedures;

    d. Required Plaintiff to work outside of her Doctor's restrictions;

    e. Issued Plaintiff a Notice of Removal;

    f. Removed Plaintiff from her position at the USDA / FSA;

    g. Other events as set forth in the Statement of Facts and Report of Investigation in this matter.

93. Plaintiff's disability was a motivating factor for defendant's adverse actions.

94. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, acting within the course and scope of their employment, plaintiff suffered grievous injury and damage including, but not limited to past, present and future medical and psychiatric expense, lost wages, lost benefits, lost earning capacity, mental anguish and pain including humiliation, embarrassment, depression, anxiety and lost enjoyment of live.

## COUNT 6: INTERFERENCE WITH FMLA RIGHTS

95. Plaintiff incorporates herein by this reference all allegations found in the Background Facts Applicable to All Counts.

96. Plaintiff was entitled to FMLA and had the right to take the intermittent FMLA leave to which she had applied, was approved by the Agency and had the legal right to take.

97. Defendant Agency, through Plaintiff's supervisor, refused Plaintiff the right to FMLA leave on multiple occasions.

98. Defendant Agency placed Plaintiff on AWOL status for the absences that were covered by FMLA.

99. Defendant Agency terminated Plaintiff for her absences that were covered by FMLA.

100. Defendant Agency, through Plaintiff's supervisor, interfered with Plaintiff's ability to use FMLA for the health and safety of her children by restricting her flex time that had been available to her prior to Parr becoming her supervisor.

101. Defendant Agency interfered with Plaintiff's FMLA by harassing and threatening plaintiff with disciplinary action over the use of her FMLA leave.

102. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, acting within the course and scope of their employment, plaintiff suffered grievous injury and damage including, but not limited to past, present and future medical and psychiatric expense, lost wages, lost benefits, lost earning capacity, mental anguish and pain including humiliation, embarrassment, depression, anxiety and lost enjoyment of live.

## Count 7: FMLA Retaliation

103. Plaintiff hereby incorporates by this reference each and every allegation found in the Background Facts Applicable to All Counts.

104. Plaintiff was entitled to FMLA and had the right to take the intermittent FMLA leave to which she had applied, was approved by the Agency and had the legal right to take.

105. Defendant Agency, through Plaintiff's supervisor, refused Plaintiff the right to FMLA leave on multiple occasions.

106. Defendant Agency placed Plaintiff on AWOL status for the absences that were covered by FMLA.

107. Defendant Agency terminated Plaintiff for her absences that were covered by FMLA.

108. Defendant Agency, through Plaintiff's supervisor, interfered with Plaintiff's ability to use FMLA for the health and safety of her children by restricting her flex time that had been available to her prior to Parr becoming her supervisor.

109. Defendant Agency interfered with Plaintiff's FMLA by harassing and threatening plaintiff with disciplinary action over the use of her FMLA leave.

110. Defendant Agency engaged in retaliatory conduct because Plaintiff exercised her rights under FMLA.

111. Defendant Agency acted with retaliatory intent in the adverse job actions taken against Plaintiff.

112. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, acting within the course and scope of their employment, plaintiff suffered grievous injury and damage including, but not limited to past, present and future medical

15

Case 4:23-cv-00632-LMC   Document 1   Filed 09/11/23   Page 15 of 16

and psychiatric expense, lost wages, lost benefits, lost earning capacity, mental anguish and pain including humiliation, embarrassment, depression, anxiety and lost enjoyment of live.

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Issue judgment against the Defendants for all the damages that Plaintiff has incurred, including without limitation, physical and personal injury, emotional distress, back pay, future pay, lost earnings, lost earning capacity, special damages, and all compensatory damages to which the Plaintiff is entitled;

2. Issue judgment against the Defendants for equitable or injunctive relief;

3. Issue judgment against the Defendants, or any Defendant, for punitive and/or statutory damages to which the Plaintiff may be entitled due to the Defendants' intentional violation of the rights of the Plaintiff;

4. Award Plaintiff her reasonable attorneys' fees, costs, and expenses;

5. Award to Plaintiff any and all such further relief as may be equitable and just.

Respectfully submitted,

*/s/ Rebecca M. Randles*
REBECCA M. RANDLES     MO #40149
**RANDLES MATA, LLC**
851 NW 45th Street
Suite 310
Kansas City, Missouri 64116
(816) 931-9901
(816) 931-0134 (FAX)
rebecca@randlesmatalaw.com

Attorney for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.