FOR THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SARA K. DOBBINS, | ) |
| | ) |
| Plaintiff, | ) Case No. 4:23-cv-00632-LMC |
| | ) |
| v. | ) |
| | ) |
| THOMAS J. VILSACK, SECRETARY | ) |
| U.S. DEPARTMENT OF AGRICULTURE, | ) |
| | ) |
| Defendant. | ) |

## ANSWER OF DEFENDANT THOMAS J. VILSACK, SECRETARY FOR THE U.S. DEPARTMENT OF AGRICULTURE

NOW COMES the Defendant Thomas J. Vilsack in his official capacity as Secretary for the United States Department of Agriculture (*hereinafter* "USDA-FSA"), by and counsel, and for its Defenses and Answer to Plaintiff's Complaint states as follows:

### FIRST DEFENSE

Plaintiff's COMPLAINT, in whole or in part, fails to state a claim against the USDA-FSA and/or the United States upon which relief can be granted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621, *et seq*. ("ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq*. ("ADA"), the Rehabilitation Act of 1973 of 1973, 29 U.S.C. §§ 701, *et seq*. ("the Rehabilitation Act"), and/or the Family Medical Leave Act, 29 U.S.C. §§ 2601, *et seq*. ("FMLA"), or any other statutory provision.

### SECOND DEFENSE

The claims asserted in Plaintiff's COMPLAINT, in whole or in part, are barred because of Plaintiff's failure to timely raise and/or timely exhaust issues administratively and/or timely file

1

an action in federal district court.

**THIRD DEFENSE**

All discrete employment decisions made and actions taken by the USDA-FSA regarding Plaintiff as described and alleged in her COMPLAINT were made and taken for *bona fide* business reasons (including legitimate business needs, managerial needs, and lawful principles of personnel management) and as a result of reasonable factors other than Plaintiff's race, color, age, disability, or prior participation in colorable protected activity, and such decisions and actions were without any discriminatory or retaliatory intent, purpose, effect, or pretext.

**FOURTH DEFENSE**

No causal connection exists between Plaintiff's race, color, age, disability, or prior participation in colorable protected activity with respect to any actions taken or decisions made by the USDA-FSA regarding Plaintiff as described and alleged in his COMPLAINT.

**FIFTH DEFENSE**

Any recovery of compensatory damages by Plaintiff is capped by federal law.

**SIXTH DEFENSE**

Plaintiff is not entitled to recover punitive damages against the USDA-FSA.

**SEVENTH DEFENSE**

Plaintiff cannot establish a *prima facie* case of discrimination or retaliation based on race, color, age, disability, or prior participation in colorable protected activity.

**EIGHTH DEFENSE**

Plaintiff did not sustain any adverse employment action or a material employment disadvantage as a result of some or all of the actions taken and decisions made by the USDA-FSA with regard to Plaintiff as described in his COMPLAINT.

## NINTH DEFENSE

To the extent that Plaintiff seeks to allege incidents of discriminatory and/or retaliatory conduct other than those raised in Plaintiff's administrative discrimination complaint with the USDA-FSA and/or asserts theories of discrimination and/or retaliation other than those raised in Plaintiff's administrative discrimination complaint with the USDA-FSA, such incidents, conduct, and theories of discrimination and/or retaliation are barred by the failure to exhaust administrative remedies and/or by the statute of limitations.

## TENTH DEFENSE

Plaintiff was not accorded any different treatment by the USDA-FSA than from other similarly situated (in all relevant respects) and similarly qualified individuals.

## ELEVENTH DEFENSE

Plaintiff has failed to reasonably mitigate her damages.

## TWELFTH DEFENSE

The events and working conditions that Plaintiff was subjected to at the USDA-FSA as described in Plaintiff's COMPLAINT were not objectively sufficiently severe or pervasive so as to constitute a hostile working environment nor to constitute an intolerable workplace under Title VII.

## THIRTEENTH DEFENSE

The decisions made and actions undertaken by the USDA-FSA with regard to Plaintiff were not arbitrary and capricious, were not contrary to any collective bargaining agreement between the USDA-FSA and any union representing Plaintiff, and were in full compliance with statutory and regulatory requirements.

## FOURTEENTH DEFENSE

If the USDA-FSA or the United States is found liable to Plaintiff, which liability is expressly denied, the USDA-FSA and/or the United States are entitled to have any award of damages against either of them abated, reduced, or eliminated by the amount paid to Plaintiff from a government source.

## FIFTEENTH DEFENSE

The USDA-FSA exercised reasonable care to prevent and correct promptly any harassing behavior alleged by Plaintiff and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by USDA-FSA or to avoid harm otherwise.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to a jury trial on her ADEA claims and/or her FMLA claims.

## SEVENTEENTH DEFENSE

The USDA-FSA is not liable for some or all of the FMLA claims asserted by Plaintiff in his Complaint because there has been no waiver of federal sovereign immunity.

## EIGHTEENTH DEFENSE

Plaintiff may not recover any non-economic damages from the USDA-FSA for any claims asserted by Plaintiff under the FMLA.

## NINETEENTH DEFENSE AND BY WAY OF FURTHER ANSWER

Without waiving any of the defenses set forth above, or other defenses available at law or equity, the USDA-FSA answers the separately numbered paragraphs of Plaintiff's COMPLAINT as follows:

1. The USDA-FSA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 1 and therefore denies the same.

2. The USDA-FSA admits the allegations in Paragraph 2 of the Complaint.

3. The USDA-FSA admits the allegations in Paragraph 3 of the Complaint.

4. The USDA-FSA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 and therefore denies the same.

5. The USDA-FSA admits the allegations contained in Paragraph 5.

6. The USDA-FSA admits the allegations contained in Paragraph 6.

7. The USDA-FSA admits that Plaintiff filed her complaint on August 8, 2022. The USDA-FSA admits that Plaintiff was issued a Notice of Right to File a Formal Complaint on September 21, 2022. The USDA-FSA admits that Plaintiff filed her formal complaint on October 4, 2022. The USDA-FSA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 7 and therefore denies the same.

8. The USDA-FSA admits the allegations contained in Paragraph 8.

9. The USDA-FSA admits the allegations contained in Paragraph 9.

10. The USDA-FSA admits the allegations contained in Paragraph 10.

11. The USDA-FSA admits the allegations contained in Paragraph 11.

12. The USDA-FSA admits the allegations contained in Paragraph 12.

13. The USDA-FSA denies the allegations contained in Paragraph 13.

14. The USDA-FSA denies the allegations contained in Paragraph 14.

15. The USDA-FSA denies the allegations contained in Paragraph 15.

16. The USDA-FSA admits the allegations contained in Paragraph 16.

17. Responding to Paragraph 17, the USDA-FSA states that the document speaks for itself.

18. The USDA-FSA denies the allegations contained in Paragraph 18.

19. The USDA-FSA denies the allegations contained in Paragraph 19.

20. The USDA-FSA denies the allegations contained in Paragraph 20.

21. The USDA-FSA admits the allegations contained in Paragraph 21.

22. The USDA-FSA admits the allegations contained in Paragraph 22.

23. The USDA-FSA admits that the Plaintiff's job performance was at Fully Successful for a period of time. The USDA-FSA denies the remaining allegations contained in Paragraph 23.

24. The USDA-FSA denies the allegations contained in Paragraph 24.

25. The USDA-FSA admits the allegations contained in Paragraph 25.

26. The USDA-FSA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 26, and therefore denies the same.

27. The USDA-FSA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 27, and therefore denies the same.

28. The USDA-FSA denies that Plaintiff provided medical documentation to the agency regarding the alleged diagnosis. The USDA-FSA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 28, and therefore denies the same.

29. The USDA-FSA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 29, and therefore denies the same.

30. The USDA-FSA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 30, and therefore denies the same.

31. The USDA-FSA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 31, and therefore denies the same.

32. The USDA-FSA denies the allegations contained in Paragraph 32.

33. The USDA-FSA denies the allegations contained in Paragraph 33.

34. The USDA-FSA denies the allegations contained in Paragraph 34.

35. The USDA-FSA admits the allegations contained in Paragraph 35.

36. The USDA-FSA admits the allegations contained in Paragraph 36.

37. The USDA-FSA denies the allegations contained in Paragraph 37.

38. The USDA-FSA denies the allegations contained in Paragraph 38.

39. The USDA-FSA denies the allegations contained in Paragraph 39.

40. The USDA-FSA denies the allegations contained in Paragraph 40.

41. The USDA-FSA denies the allegations contained in Paragraph 41.

42. The USDA-FSA denies the allegations contained in Paragraph 42.

43. The USDA-FSA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 43, and therefore denies the same.

44. The USDA-FSA denies the allegations contained in Paragraph 44.

45. The USDA-FSA admits that Plaintiff was given a seven-day suspension in January 2022. The USDA-FSA denies the remaining allegations contained in Paragraph 45.

46. The USDA-FSA admits that Plaintiff submitted an informal complaint of discrimination with the EEO. The USDA-FSA lacks sufficient knowledge or information not

form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 46, and therefore denies the same.

47. The USDA-FSA denies the allegations contained in Paragraph 47.

48. The USDA-FSA denies the allegations contained in Paragraph 48.

49. The USDA-FSA denies the allegations contained in Paragraph 49.

50. The USDA-FSA denies that Parr treated any employees in the manner described in Paragraph 50.

51. The USDA-FSA admits the allegations contained in Paragraph 51, but states that the documentation submitted was not adequate to support the requested leave.

52. For purposes of Paragraph 52, the USDA-FSA admits that Plaintiff was not granted leave, but states that the documentation submitted was not adequate to support the request for leave. The USDA-FSA denies all remaining allegations contained in Paragraph 52.

53. The USDA-FSA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 53, and therefore denies the same.

54. The USDA-FSA denies the allegations contained in Paragraph 54.

55. The USDA-FSA denies the allegations contained in Paragraph 55.

56. The USDA-FSA denies that it was provided with documentation stating that Plaintiff's physician had taken her off work. The USDA-FSA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 56, and therefore denies the same.

57. The USDA-FSA denies the allegations contained in Paragraph 57.

58. The USDA-FSA denies the allegations contained in Paragraph 58.

59.     The USDA-FSA admits that Plaintiff's Linc Pass was confiscated following standard procedures. The USDA-FSA denies all remaining allegations contained in Paragraph 59.

60.     The USDA-FSA denies the allegations contained in Paragraph 60.

61.     The USDA-FSA admits that Plaintiff was issued a first Notice of Proposed Removal on July 21, 2022 that was subsequently rescinded. Plaintiff was then issued a second Notice of Proposed Removal on August 19, 2022. The USDA-FSA denies all remaining allegations contained in Paragraph 61.

62.     The USDA-FSA denies the allegations contained in Paragraph 62.

63.     The USDA-FSA denies the allegations contained in Paragraph 63.

64.     The USDA-FSA admits that two issues were accepted by the EEOC. The USDA-FSA denies all remaining allegations contained in Paragraph 64.

65.     The USDA-FSA admits the allegations contained in Paragraph 65.

66.     For purposes of Paragraph 65, the USDA-FSA incorporates its answers to Paragraphs 1-65 *infra*.

67.     The USDA-FSA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 67, and therefore denies the same.

68.     The USDA-FSA denies the allegations contained in Paragraph 68.

69.     The USDA-FSA denies the allegations contained in Paragraph 69.

70.     The USDA-FSA denies the allegations contained in Paragraph 70.

71.     The USDA-FSA denies the allegations contained in Paragraph 71.

72.     For purposes of Paragraph 72, the USDA-FSA incorporates its answers to Paragraphs 1-71, *infra*.

73. The USDA-FSA denies the allegations contained in Paragraph 73.

74. The USDA-FSA denies the allegations contained in Paragraph 74.

75. For purposes of Paragraph 75, the USDA-FSA incorporates its answers to Paragraphs 1-74, *infra*.

76. For the purposes of Paragraph 76, the USDA-FSA admits that Plaintiff complained that she was being harassed and discriminated against. The USDA-FSA denies that Plaintiff was in any way harassed or discriminated against by the agency, and denies all remaining allegations contained in Paragraph 76.

77. The USDA-FSA denies the allegations contained in Paragraph 77.

78. The USDA-FSA denies the allegations contained in Paragraph 78.

79. The USDA-FSA denies the allegations contained in Paragraph 79.

80. The USDA-FSA denies the allegations contained in Paragraph 80.

81. For purposes of Paragraph 81, the USDA-FSA incorporates its answers to Paragraphs 1-80, *infra*.

82. The USDA-FSA denies the allegations contained in Paragraph 82.

83. The USDA-FSA denies the allegations contained in Paragraph 83.

84. The USDA-FSA denies the allegations contained in Paragraph 84.

85. The USDA-FSA denies the allegations contained in Paragraph 85.

86. The USDA-FSA denies the allegations contained in Paragraph 86.

87. For purposes of Paragraph 87, the USDA-FSA incorporates its answers to Paragraphs 1-86, *infra*.

88. The USDA-FSA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 88, and therefore denies the same.

89. The USDA-FSA denies the allegations contained in Paragraph 89.

90. The USDA-FSA denies the allegations contained in Paragraph 90.

91. The USDA-FSA denies the allegations contained in Paragraph 91.

92. The USDA-FSA denies the allegations contained in Paragraph 92.

93. The USDA-FSA denies the allegations contained in Paragraph 93.

94. The USDA-FSA denies the allegations contained in Paragraph 94.

95. For purposes of Paragraph 95, the USDA-FSA incorporates its answers to Paragraphs 1-94, *infra*.

96. The USDA-FSA states that the allegations in Paragraph 96 are too confusing and vague for the agency to respond to. Therefore, the USDA-FSA denies the allegations contained in Paragraph 96.

97. The USDA-FSA denies the allegations contained in Paragraph 97.

98. The USDA-FSA denies the allegations contained in Paragraph 98.

99. The USDA-FSA denies the allegations contained in Paragraph 99.

100. The USDA-FSA denies the allegations contained in Paragraph 100.

101. The USDA-FSA denies the allegations contained in Paragraph 101.

102. The USDA-FSA denies the allegations contained in Paragraph 102.

103. For purposes of Paragraph 103, the USDA-FSA incorporates its answers to Paragraphs 1-102, *infra*.

104. The USDA-FSA states that the allegations in Paragraph 104 are too confusing and vague for the agency to respond to. Therefore, the USDA-FSA denies the allegations contained in Paragraph 104.

105. The USDA-FSA denies the allegations contained in Paragraph 105.

106. The USDA-FSA denies the allegations contained in Paragraph 106.

107. The USDA-FSA denies the allegations contained in Paragraph 107.

108. The USDA-FSA denies the allegations contained in Paragraph 108.

109. The USDA-FSA denies the allegations contained in Paragraph 109.

110. The USDA-FSA denies the allegations contained in Paragraph 110.

111. The USDA-FSA denies the allegations contained in Paragraph 111.

112. The USDA-FSA denies the allegations contained in Paragraph 112.

113. The USDA-FSA denies any and all of the Plaintiff's allegations not specifically addressed above. The Defendant denies the allegations in the final *ad damnum* paragraph beginning with "Wherefore" and subparagraphs (1)-(5) and denies that the Plaintiff is entitled to any of the relief sought therein.

WHEREFORE, Defendant prays that the Court enter a judgment denying the relief claimed by Plaintiff and grant such other relief as is proper.

        Teresa A. Moore
        United States Attorney

By:   */s/ Elizabeth D. Hatting*
      Elizabeth D. Hatting, Missouri Bar No. 67337
      Assistant United States Attorney
      Charles Evans Whittaker Courthouse
      400 East Ninth Street, Fifth Floor
      Kansas City, MO 64106
      (816) 426-3130
      FAX: (816) 426-3165
      E-MAIL: elizabeth.hatting@usdoj.gov

      ATTORNEY FOR DEFENDANT